UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FREDERICK JOSEPH CABLE,

    Petitioner,

v.                                                 Case No. 2:09-cv-118
                                                 HON. R. ALLAN EDGAR

JEFFREY WOODS,

    Respondent.
_____/

## MEMORANDUM AND ORDER

Petitioner Frederick Joseph Cable ("Cable") is a Michigan state prisoner in the custody of the Michigan Department of Corrections. After a jury trial he was found guilty and convicted on one count of first-degree criminal sexual conduct with a person under the age of 13 in violation of Michigan Compiled Laws (M.C.L.) § 750.520b(1)(a). He was also found guilty and convicted on six additional counts of second-degree criminal sexual conduct with a person under the age of 13 in violation of M.C.L. § 750.520c(1)(a).

On May 9, 2002, the Circuit Court of Calhoun County, Michigan, sentenced Cable to a term of 15 to 30 years imprisonment on the first-degree criminal sexual conduct conviction. He was further sentenced to a term of 10 to 15 years imprisonment on each of the second-degree criminal sexual conduct convictions. Cable did not take a direct appeal from the judgment of conviction in the Michigan Court of Appeals and the Michigan Supreme Court.

On May 28, 2009, state prisoner Cable filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. He filed an amended § 2254 habeas petition on July 29, 2009.

1

The case was referred to Magistrate Judge Timothy P. Greeley for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and W.D. Mich. LCivR 72.1(d). On August 25, 2009, Magistrate Judge Greeley submitted his report [Doc. No. 11] recommending that the habeas petition be denied and dismissed with prejudice on the ground that it is time-barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(A). The report and recommendation finds that Cable has failed to meet his burden of alleging any facts that would warrant equitable tolling of the statute of limitations. It is further recommended that a certificate of appealablity be denied pursuant to 28 U.S.C. § 2253(c)(2) because reasonable jurists could not find it debatable whether Cable's habeas petition is time-barred by the statute of limitations in 28 U.S.C. § 2244(d)(1)(A). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Cable objects to the report and recommendation. Cable argues that he has a claim of actual innocence based on newly discovered evidence and he is entitled to equitable tolling of the statute of limitations under the actual innocence equitable tolling doctrine recognized by the Sixth Circuit in *Souter v. Jones*, 395 F.3d 577, 589-90 (2005).

After reviewing the record *de novo*, the Court concludes that Cable's objections to the report and recommendation [Doc. No. 12] are without merit and are **DENIED**. The Court will adopt the report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.3(b) Cable's habeas petition must be denied and dismissed with prejudice on the ground that it is time-barred by the statute of limitations in 28 U.S.C. § 2244(d)(1)(A). Cable did not timely file his 28 U.S.C. § 2254 habeas petition within the time limit required by the statute of limitations. Because Cable has not met his burden of showing that he has a credible claim of actual innocence based on newly discovered evidence, he is not entitled to equitable tolling of the statute of limitations under

2

the actual innocence equitable tolling doctrine. The Court takes this opportunity to amplify the report and recommendation.

Cable claims he is being unlawfully held prisoner by Michigan based on his conviction for "non-existent" crimes. The gist of Cable's convoluted theory is that M.C.L. §§ 750.520b(1)(a) and 750.520c(1)(a) were not lawfully enacted by the Michigan legislature in 1974 in accordance with the 1963 Constitution of the State of Michigan. Cable argues that the Michigan legislature violated certain provisions of the 1963 Michigan Constitution when it sought to enact M.C.L. §§ 750.520b(1)(a) and 750.520c(1)(a) in 1974. It is argued that if M.C.L. §§ 750.520b(1)(a) and 750.520c(1)(a) were not enacted in accordance with the Michigan Constitution, then these statutes are unconstitutional, null and void *ab initio*, and the Circuit Court of Calhoun County lacked subject matter jurisdiction to hold the trial and enter the judgment of conviction sentencing Cable to imprisonment. In support of his theory, Cable relies on an excerpt taken from the 1974 Journal of the Michigan Senate showing some of the legislative history and passage of Senate Bill 1207, as amended by the Michigan House of Representatives.

One of Cable's main arguments is that M.C.L. §§ 750.520b(1)(a) and 750.520c(1)(a) were not enacted by the Michigan legislature in 1974 in compliance with Article 4, Section 26 of the 1963 Michigan Constitution which provides in part: "No bill shall be passed or become law at any regular session of the legislature until has been printed or reproduced and in the possession of each house for at least five days. Every bill shall be read three times in each house before the final passage thereof." Cable's challenge to the validity of the enactment of these states under the 1963 Michigan Constitution is frivolous. The same argument raised by Cable that the

3

Michigan criminal sexual conduct statutes – here M.C.L. §§ 750.520b(1)(a) and 750.520c(1)(a) – were not lawfully enacted by the Michigan legislature in 1974 in compliance with Article 4, Section 26 of the 1963 Michigan Constitution has been soundly rejected by the Michigan Court of Appeals. *People v. Krauss*, 156 Mich. App. 514, 402 N.W.2d 49 (Mich. Ct. App. 1986); *People v. Clopton*, 117 Mich. App. 673, 324 N.W.2d 128 (Mich. Ct. App. 1982).

After reviewing *Krauss* and *Clopton* wherein the Michigan Court of Appeals examines the legislative history of Michigan's criminal sexual conduct statutes, this United States District Court is not persuaded that the Michigan legislature's enactment of M.C.L. §§ 750.520b(1)(a) and 750.520c(1)(a) in 1974 was done in violation of the 1963 Michigan Constitution. In sum, the underlying premise of Cable's actual innocence claim is without merit.

The statute of limitations in 28 U.S.C. § 2244(d)(1) is not jurisdictional and it is subject to equitable tolling. *Sherwood v. Prelesnik*, 579 F.3d 581, 587-88 (6th Cir. 2009); *Connolly v. Howes*, 304 Fed. Appx. 412, 417 (6th Cir. 2008); *McSwain v. Davis,* 287 Fed. Appx. 450, 455 (6th Cir. 2008); *Harvey v. Jones,* 179 Fed. Appx. 294, 297 (6th Cir. 2006); *Souter*, 395 F.3d at 588; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001). The Sixth Circuit cautions that equitable tolling relief should be granted sparingly. *Connolly*, 304 Fed. Appx. at 417; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Cable bears the burden of demonstrating that he is entitled to equitable tolling. *Connolly*, 304 Fed. Appx. at 417; *McSwain,* 287 Fed. Appx. at 455; *Jagodka v. Lafler,* 148 Fed. Appx. 345, 347 (6th Cir. July 27, 2005); *Allen*, 366 F.3d at 401; *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

The statute of limitations in 28 U.S.C. § 2244(d)(1) may be equitably tolled when a habeas petitioner makes a credible claim of actual innocence based on new reliable evidence.

4

*Connolly*, 304 Fed. Appx. at 417; *McSwain,* 287 Fed. Appx. at 458-59; *Knickerbocker v. Wolfenbarger*, 212 Fed. Appx. 426, 431-32 (6th Cir. 2007); *Harvey,* 179 Fed. Appx. at 297-98; *Souter*, 395 F.3d at 589-90; *Alexander v. Metrish*, 2007 WL 542010, at ** 8-10 (W.D. Mich. Feb. 16, 2007). There is a stringent standard for establishing a credible claim of actual innocence. Actual innocence means factual innocence, not mere legal insufficiency or legal innocence. *Bousley v. United States,* 523 U.S. 614, 623 (1998); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Connolly*, 304 Fed. Appx. at 417; *Harvey,* 179 Fed. Appx. at 299; *Souter*, 395 F.3d at 590.

To make out a credible claim of actual innocence, Cable is required to support his allegations of federal constitutional error with new reliable evidence – exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was unknown or unavailable at the time of his trial. *Schlup*, 513 U.S. at 324; *Connolly*, 304 Fed. Appx. at 417; *Knickerbocker*, 212 Fed. Appx. at 431; *Souter*, 395 F.3d at 590. Without any new reliable evidence and facts showing actual innocence, even the existence of a meritorious claim of a federal constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a habeas claim that is time-barred by the statute of limitations. *Schlup*, 513 U.S. at 316; *Connolly*, 304 Fed. Appx. at 417; *Nelloms v. Jackson,* 129 Fed. Appx. 933, 937 (6th Cir. 2005). The actual innocence equitable tolling exception is rare and may only be applied in extraordinary cases involving factual innocence. *Schlup*, 513 U.S. at 321; *Knickerbocker*, 212 Fed. Appx. at 431; *Souter*, 395 F.3d at 590.

If a habeas petitioner is able to present new reliable, exculpatory facts and evidence to

5

support a credible claim of actual innocence based on the facts, the Court must consider all of the old and new evidence, both incriminating and exculpatory evidence, without regard to whether it would necessarily be admissible under the rules of evidence that would govern at a trial but with due regard to any unreliability of it. Based on the total record of old and new reliable evidence, the Court must determine what an objectively reasonable and properly instructed jury would probably decide at trial. The habeas petitioner's burden at this gateway stage is to demonstrate that in light of the new reliable evidence and facts, it is more likely than not that no reasonable jury would find him guilty beyond a reasonable doubt. *Bousley,* 523 U.S. at 623; *Schlup*, 513 U.S. at 327; *Connolly*, 304 Fed. Appx. at 417; *Ross v. Berghuis,* 417 Fed. Appx. 552, 556 (6th Cir. 2005); *Knickerbocker*, 212 Fed. Appx. at 431; *Souter*, 395 F.3d at 590, 598-99.

Cable's fails to establish a credible claim of actual innocence. Cable is required to present new reliable evidence and facts that raise a sufficient doubt about his guilt to undermine confidence in the outcome of the criminal proceeding. *Schlup*, 513 U.S. at 317; *Souter*, 395 F.3d at 590; *Alexander*, 2007 WL 542010, at * 9. Cable is not entitled to equitable tolling of the statute of limitations in this 28 U.S.C. § 2254 proceeding because he has not met his burden of showing that he has a credible claim of actual innocence based on new reliable evidence – exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was unknown or unavailable at the time of his trial. Cable cannot obtain equitable tolling without any submitting new reliable evidence to show that he is factually innocent.

Cable's claim of legal innocence does not fit within the actual innocence equitable tolling doctrine recognized by the Sixth Circuit in *Souter*. Cable does not contend he is factually innocent. The facts and evidence in Cable's underlying criminal case and trial have not changed. Cable does

not offer any new reliable evidence in an effort to show that he did not commit the sexual acts and conduct for which he was charged and stands convicted. There is no claim by Cable that he did not commit the sexual acts and conduct giving rise to his conviction and sentence of imprisonment.

Rather, Cable's actual innocence claim is predicated entirely on legal arguments concerning the legislative history of M.C.L. §§ 750.520b(1)(a) and 750.520c(1)(a), and his interpretation of the 1963 Michigan Constitution. This falls short of what is required to make out a credible claim of actual (factual) innocence. Cable is not entitled to equitable tolling of the statute of limitations under the actual innocence equitable tolling doctrine based on mere arguments of law. Where a habeas petitioner asserts an actual innocence claim based solely on his interpretation of the law, the *Souter* actual innocence equitable tolling doctrine does not apply. *Craig v. White,* 227 Fed. Appx. 480, 481 (6th Cir. 2007); *Harvey,* 179 Fed. Appx. 298-99; *Ross,* 417 Fed. Appx. at 555.

At the time of his trial in 2002, all of the information about Michigan state law and the legislative history of M.C.L. §§ 750.520b(1)(a) and 750.520c(1)(a) was a matter of public knowledge and available to Cable and his attorney. Cable had the opportunity to raise all of these same legal arguments at his trial in 2002, but he failed to do so. Cable could have raised his legal arguments on direct appeal in the Michigan Court of Appeals and the Michigan Supreme Court but he failed to do so.

In the alternative Cable argues that if the Court determines his actual innocence claim is not based on new reliable evidence, then the Court should apply what he refers to as the "miscarriage of justice" exception, which he contends permits federal courts to consider a habeas petitioner's defaulted claim if failure to hear the defaulted claim would result in a miscarriage of justice. He cites *Sawyer v. Whitley*, 505 U.S. 333 (1992); and *Murray v. Carrier*, 477 U.S. 478 (1986). This

7

argument fails. Cable misunderstands the narrow scope of the miscarriage-of-justice exception.

The term "fundamental miscarriage of justice" refers to the conviction of an actually (factually) innocent person as compared to a person who claims legal innocence. *Schlup*, 513 U.S. at 316; *see also Calderon v. Thompson*, 523 U.S. 538, 559 (198); *Beach v. Moore*, 2009 WL 2487357, * 5 n. 4 (6th Cir. Aug. 17, 2009). Under the miscarriage-of-justice exception, the Court may consider an otherwise defaulted habeas claim if the habeas petitioner submits new reliable evidence showing that a federal constitutional violation has probably resulted in the conviction of one who is actually innocent. *Schlup*, 513 U.S. at 326-30; *Jells v. Mitchell*, 538 F.3d 478, 489 (6th Cir. 2008). In this 28 U.S.C. § 2254 habeas proceeding, the only way for Cable to establish a fundamental miscarriage of justice and obtain equitable tolling of the statute of limitations is to make out a credible claim of actual innocence based on new reliable evidence which he has failed to do.

Because Cable does not have a credible claim of actual innocence based on new reliable evidence, he cannot invoke the *Schlup* miscarriage-of-justice exception. Without a credible claim of actual innocence based on new reliable evidence, the dismissal of Cable's habeas petition on the ground it is time-barred by the statute of limitations in 28 U.S.C. § 2244(d)(1)(A) does not result in a miscarriage of justice. *Owens v. Stine*, 27 Fed. Appx. 351, 353-54 (6th Cir. 2001); *Saylor v. Mack*, 27 Fed. Appx. 321, 323 (6th Cir. 2001); *Duffy v. Collins*, 230 F.3d 1358 (Table, text in 2000 WL 1477226, * 2 (6th Cir. Sept. 25, 2000)). This Court follows the Sixth Circuit's opinion in *Nelloms,* 129 Fed. Appx. at 936-37, and declines to expand the definition of what constitutes a miscarriage of justice beyond the narrow actual innocence exception based

on new reliable evidence carved out by the Supreme Court in *Schlup*, 513 U.S. at 316, 322.

Accordingly, Cable's objections to the report and recommendation [Doc. No. 12] are **DENIED**. The Court **ADOPTS** the report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.3(b). The 28 U.S.C. § 2254 petition for writ of habeas corpus shall be **DENIED and DISMISSED WITH PREJUDICE** on the ground that it is time-barred by the statute of limitations provided in 28 U.S.C. § 2244(d)(1)(A).

If Cable files a notice of appeal, it will be treated as an application for a certificate of appealability which is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1); and *Slack*, 529 U.S. at 484. Reasonable jurists could not find it debatable whether Cable's habeas petition has been properly dismissed on the ground that it is time-barred by the statute of limitations in 28 U.S.C. § 2244(d)(1)(A).

For the same reasons that the Court dismisses the habeas petition as time-barred by the statute of limitations, the Court finds there is no good-faith basis for an appeal from this decision. Any appeal from this decision by Cable would be frivolous and not taken in good faith. Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a) any application by Cable for leave to proceed on appeal *in forma pauperis* is **DENIED**. A separate judgment will enter.

SO ORDERED.

Dated: February 5, 2010.

                         */s/ R. Allan Edgar*
                         R. ALLAN EDGAR
                         UNITED STATES DISTRICT JUDGE